UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RAYMOND HAWKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02911-JMS-DML |
| | ) | |
| SCOTT, | ) | |
| MOUSER, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Raymond Hawkins, an inmate at the Correctional Industrial Facility in Pendleton,
Indiana brought this lawsuit pursuant to 42 U.S.C. § 1983. Mr. Hawkins alleges that, while he was
incarcerated at New Castle Correctional Facility ("New Castle"), Defendants Lieutenant Scott and
Sergeant Mouser violated the Eighth Amendment when they sprayed him with a chemical agent
and refused him a shower, a clean change of clothing, and medical attention. Dkts. 10, 49.
Defendants have moved for summary judgment arguing that Mr. Hawkins failed to exhaust his
available administrative remedies as required by the Prison Litigation Reform Act ("PLRA")
before he filed this lawsuit. For the following reasons, Defendants' motion is **denied**.

**I.**
**PROCEDURAL HISTORY**

Mr. Hawkins initiated this action by filing a complaint on November 4, 2020. Dkt. 1. In
the complaint, he alleged that Defendants violated his civil rights and stated that the violations
occurred on November 23, 2019. *Id.* The Court screened the complaint under 28 U.S.C. § 1915A
and allowed Mr. Hawkins to proceed with an Eighth Amendment excessive force claim against
Sergeant Mouser and Eighth Amendment claims of deliberate indifference to serious medical
needs against Sergeant Mouser and Lieutenant Scott. Dkt. 10. Defendants answered and asserted

an exhaustion defense. Dkt. 17. About six weeks later, they withdrew their exhaustion defense. Dkt. 20.

The parties proceeded through merits discovery, and Defendants filed a motion for summary judgment. Dkt. 31. In the motion, they contended that no such events had occurred on November 23, 2019, and that Sergeant. Mouser was not even working on that date. Dkt. 32. In response, Mr. Hawkins stated that he had now realized that the events actually occurred two days prior, on November 21, 2019, and asked for leave to amend his complaint. Dkts. 39, 41. After a telephonic hearing before the Magistrate Judge, the Court granted Mr. Hawkins leave to amend his complaint. Dkt. 47. The Court then screened the amended complaint, which was nearly identical to the original complaint, except that Mr. Hawkins now alleged that the events at issue occurred on November 21, 2019, and not November 23, 2019. Dkt. 48. As a result, the Court allowed him to proceed with the claims stated in the amended complaint. Dkt. 49. Given the existence of the amended complaint, the Court denied the pending summary-judgment motion as moot. Dkt. 50.

Defendants answered the amended complaint and again raised an exhaustion defense. Dkt. 51. Because discovery (including merits discovery) was already complete, there was no need to stay the action pending resolution of that defense. Instead, the Court gave the parties a deadline to file "any and all summary-judgment motions—whether related to exhaustion or merits." Dkt. 53.

Defendants then filed a renewed motion for summary judgment. Dkt. 55. This motion raises only one argument—that Defendants are entitled to summary judgment in their favor because Mr. Hawkins failed to exhaust administrative remedies. Dkt. 56. Mr. Hawkins filed a response. Dkts. 59, 60. Defendants filed a reply, dkt. 63, and Mr. Hawkins filed a sur-reply, dkt. 65. Defendants then filed a sur-sur-reply in which they claimed that, in his sur-reply, Mr. Hawkins

cited to non-existent pages in his response. Dkt. 66. Mr. Hawkins filed a motion asking the Court to verify the length of his summary-judgment response. Dkt. 67. The Court did so and concluded that it would ignore the portion of the sur-sur-reply that accused Mr. Hawkins of citing to non-existent pages. Dkt. 68. The Court also gave Defendants an opportunity to file an updated sur-sur-reply, *id.*, but Defendants did not do so. Thus, their summary judgment motion is now ripe for decision.[1]

## II.
## LEGAL STANDARD

A motion for summary judgment asks the Court to find that there is no genuine dispute as to any material fact and, instead, that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). "Material facts are those that might affect the outcome of the suit under applicable substantive law." *Dawson v. Brown,* 803 F.3d 829, 833 (7th Cir. 2015) (internal quotation omitted). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).

---

[1] In his summary-judgment response and sur-reply, Mr. Hawkins asks the Court to sanction Defendants for stonewalling, misleading, and disrespecting the Court and attempting to cover up facts because they: (1) asserted an exhaustion defense in response to his original complaint, withdrew that defense, and then reasserted it when he filed his amended complaint, dkt. 60 at 8; (2) wrongly asserted in their sur-sur-reply that his sur-reply cited to non-existent response pages, dkt. 65 at 2; and (3) argued that he failed to present admissible evidence in support of his claim that he filed a grievance but failed to acknowledge the existence of his February 2020 affidavit, *id.* at 2–3. Mr. Hawkins's request for sanctions **must be denied** because it is improper to include a request for affirmative relief in a response or sur-reply; such requests must be raised by separate motion. S.D. Ind. L.R. 7-1(a).

The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018).

## III.
## BACKGROUND

### A.  Offender Grievance Process

The Indiana Department of Correction ("IDOC") has a standardized grievance process. Dkt. 57-1 ¶ 4. The purpose of the grievance process is to provide prisoners committed to IDOC with a means of resolving concerns and complaints related to the conditions of their confinement. *Id.* Mr. Hawkins does not dispute that he was aware of the grievance process. *See generally* dkts. 59, 60.

During the period relevant to Mr. Hawkins' complaint, the grievance process consisted of three steps: (1) a formal attempt to solve a problem or concern following unsuccessful attempts at informal resolutions; (2) submitting a written appeal to the Warden or his designee; and (3) submitting a written appeal to the IDOC Grievance Manager. Dkt. 57-2 at 3. With respect to the informal resolution requirement, the policy provides that an inmate "may do this by discussing the complaint with the staff member responsible for the situation or, if there is no such single person, with the person who is in charge of the area where the situation occurs." *Id.* at 9.

### B.  Mr. Hawkins' Attempts to Exhaust

With their summary judgment motion, Defendants submitted a declaration from Grievance Specialist Hannah Winningham, who states that she reviewed various records and found no record

of any "filed, administered, or exhausted grievances" related to this lawsuit. Dkt. 57-1 ¶¶ 6, 10–12.

Mr. Hawkins disputes Ms. Winningham's claim that he never filed a grievance about the events at issue in this lawsuit. With his summary-judgment response, Mr. Hawkins submitted an affidavit in which he states under penalty of perjury that he filed a grievance about the incident at issue in this lawsuit on November 25, 2019, by giving it to the law library supervisors. Dkt. 59-1 ¶ 4. He included a copy of the grievance that he claims to have submitted on November 25, 2019. Dkt. 59-3 at 2–3. He also included a sworn and notarized affidavit dated February 7, 2020, in which he states that he filed a grievance by giving it to law library employees. Dkt. 59-3 at 6–7. The affidavit includes a chronological list of grievances that he filed, including this entry:

> On 11-25-19 the grievance is about me being an innocent bystander being sprayed with mace in my face, mouth, & cloths cause a fight broke out 8 feet away from me, and I never was given proper medical attention (none), nor a change or clothing, nor was I read any disclaimer explaining to me the procedures of being maced nor offered a shower.

*Id.* at 7 (errors in original).

In his summary-judgment affidavit, Mr. Hawkins also states as follows:

> On 12-14-19, Plaintiff received his grievance in question of incident back, along with 3 other grievance he's filed prior to the incident in question. Stating quote: There is not enough information. You tell me in your writings that the officer told you verbally she did not say that. I see no request to HSA about this incident, please see her first.
>
> NOTE: I never told-wrote the grievance specialist anything saying an officer told me anything (and she can <u>not</u> produce paperwork saying I did) plus, I don't have to write HSA about this incident. HSA is the health service administrator (medical). My grievance is about 2 officers (Lt. Scott & Sgt. Mouser) not any nurses or medics.

> So there's no need to send any informal grievance to HSA when what I'm grieving
> isn't about any medical staff.

Dkt. 59-1 ¶ 6 (errors in original). In addition, he filed a copy of the December 14, 2019, letter from

Ms. Winningham. Dkt. 59-3 at 4.

## IV.
## DISCUSSION

Defendants seek summary judgment and argue that Mr. Hawkins failed to exhaust his

available administrative remedies as required by the PLRA. The PLRA requires that a prisoner

exhaust his available administrative remedies before bringing suit concerning prison conditions.

42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524–25 (2002). "[T]he PLRA's

exhaustion requirement applies to all inmate suits about prison life, whether they involve general

circumstances or particular episodes, and whether they allege excessive force or some other

wrong." *Id.* at 532 (citation omitted). "Proper exhaustion demands compliance with an agency's

deadlines and other critical procedural rules because no adjudicative system can function

effectively without imposing some orderly structure on the course of its proceedings." *Woodford

v. Ngo,* 548 U.S. 81, 90–91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804,

809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the

place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,*

286 F.3d 1022, 1025 (7th Cir. 2002)). Thus, "to exhaust administrative remedies, a prisoner must

take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397

(7th Cir. 2004). That said, a prisoner need not exhaust remedies that are unavailable to him. *Ross

v. Blake*, 578 U.S. 632, 642 (2016). It is Defendants' burden to establish that the administrative

process was available. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because

exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

Defendants contend that they are entitled to summary judgment because Mr. Hawkins never filed a grievance about the relevant incident at all. Dkt. 56. In response, Mr. Hawkins argues that he did file a grievance. Dkt. 60. The Court also understands him to be arguing that Ms. Winningham improperly returned the grievance based on the false premise that he was required to write to medical staff before filing a grievance as to this issue. *Id.*

Genuine issues of material fact prevent the Court from granting summary judgment in Defendants' favor on the question of exhaustion. First, a genuine issue of material fact exists as to whether Mr. Hawkins filed a grievance about the events at issue in this lawsuit. Mr. Hawkins has stated under penalty of perjury that he submitted a grievance about the relevant incident on November 25, 2019, and the Court must accept that statement as true for purposes of summary judgment.

In reply, Defendants offer three arguments. First, they complain that, in his summary-judgment response, Mr. Hawkins did not specifically dispute any of the material facts from their summary-judgment motion. Dkt. 63 at 1. Second, they contend that the perjury certification in Mr. Hawkins's summary-judgment affidavit is inadequate, arguing that he has failed to "affirm the truth of the Affidavit itself as required" because he stated that "the following representation of Raymond Hawkins Affidavit is true and accurate to the best of my knowledge" and not "I declare . . . under penalty of perjury that the foregoing is true and correct," as required by 28 U.S.C. § 1746(2). Dkt. 63 at 1. *Id.* Finally, they take issue with the copy of the November 25, 2019, grievance that Mr. Hawkins submitted, stating that it is "unverified and lacks any signature or date by Grievance

Specialist Hannah Winningham, creating no question of the inauthenticity of this self-serving attachment." *Id.* at 2 (citing dkt. 59-3 at 2). None of these arguments are well taken.

The first argument fails because Mr. Hawkins did, in fact, specifically dispute some material facts in his summary-judgment response. *See, e.g.*, dkt. 60 at 5 (disputing Defendants' assertion that he never filed a grievance about the relevant events).

The second argument fails because § 1746 does not require a declarant to use its precise language—just to include a perjury certification that is "substantially" in the same form as the statutory language. 28 U.S.C. § 1746. Mr. Hawkins prefaced his summary-judgment affidavit by saying, "Raymond Hawkins hereby states as follows under the penalties of perjury," dkt. 59-1 at 2, and ended it by saying, "I affirm under penalties of perjury that . . . the following representation of Raymond Hawkins affidavit is true and accurate to the best of my knowledge," *id.* at 5. This statement is sufficient (particularly for a pro se litigant) to make it clear that Mr. Hawkins was declaring under penalties of perjury that the statements in the affidavit were true and to "substantially" conform to the statutory language in § 1746(2). *See Bhati v. Vaswani*, No. 18-cv-2387, 2021 WL 2254963, at *4 (N.D. Ill. June 3, 2021) (finding verification sufficient under § 1746(2) where, "[r]ead as a whole, it is apparent that [plaintiff] attests to his belief that the facts alleged in the Complaint are true and that he is doing so under penalty of perjury," even though he qualified the verification by saying that the facts were true "to the best of my knowledge, information and belief"). Regardless, Defendants' argument ignores that—in addition to his summary-judgment affidavit—Mr. Hawkins also submitted a sworn and notarized affidavit dated February 7, 2020, in which he swore that he submitted a grievance about the relevant incidents on November 25, 2019. Dkt. 59-3 at 6–7.

Defendants' third argument fails because Mr. Hawkins did not need to file an authenticated copy of his grievance to survive summary judgment on the question of exhaustion. He needed only to raise a genuine issue of material fact as to whether he filed a grievance, which he did by stating under penalty of perjury that he filed a grievance about the incidents at issue in this lawsuit on November 25, 2019.

A genuine issue of material fact also exists as to whether the full grievance process was available to Mr. Hawkins. In their sur-sur-reply, Defendants point out that the grievance process includes three steps and that Mr. Hawkins failed "every single step of the requirements of the PLRA's exhaustion requirement." Dkt. 66 at 2. To the extent this is an argument that Defendants are entitled to summary judgment because Mr. Hawkins should have further pursued the grievance process after Ms. Winningham returned his grievance, it fails because Defendants have not met their burden to show that the rest of the grievance process was available to Mr. Hawkins.

As explained above, the grievance policy requires inmates to attempt an informal resolution before filing a grievance and states that the informal resolution should be directed to "the staff member responsible for the situation or, if there is no such single person, with the person who is in charge of the area where the situation occurs." Dkt. 57-2 at 9. But Mr. Hawkins has stated under penalty of perjury that Ms. Winningham returned his grievance because he failed to pursue informal resolution with the health services administrator—a person who is neither "responsible for the situation" or "in charge of the area where the situation occurs" with respect to Mr. Hawkins's complaint about two correctional officers. The Seventh Circuit has held that administrative remedies are not "available" for purposes of the PLRA when prison officials screen out grievances for improper reasons and based on unpublished rules. *See Hill v. Snyder*, 817 F.3d 1037, 1040 (7th Cir. 2016) ("In any event, even if Hill could have solved the implicit riddle suggested by

defendants, the prison staff improperly required that, as a condition for processing his grievance, he comply with a rule that the prison had never published before . . . . Because the prison refused to process Hill's grievance based on his deviation from an unannounced rule, no further administrative remedies were available to Hill."). Thus, Mr. Hawkins has raised a genuine issue of material fact as to whether the remaining steps of the grievance process were available to him.

## V.
## CONCLUSION

For the reasons explained above, Defendants' motion for summary judgment, dkt. [55], is **denied.**

Defendants shall have through **November 4, 2022**, to inform the Court whether they wish to withdraw their exhaustion defense or proceed to a *Pavey* hearing. The failure to respond by that deadline will be interpreted by the Court as a withdrawal of the exhaustion defense. Defendants did not raise any arguments about the merits of Mr. Hawkins' claims in their summary judgment motion, so, if they withdraw their exhaustion defense, the claims against the Defendants will be resolved via settlement or trial, and the Court will set this matter for trial by separate Order.

**IT IS SO ORDERED.**

Date: 10/24/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

RAYMOND HAWKINS
885871
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Adam Garth Forrest
BBFCS ATTORNEYS
aforrest@bbfcslaw.com

Joseph Thomas Lipps
BBFCS ATTORNEYS
jlipps@bbfcslaw.com